(No. 5076. October 16, 1928.)

HELEN A. HAWKINS, Guardian of LILLIAN H. ASHLEY, Respondent, v. BONNER COUNTY, IDAHO, a Municipal Corporation, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[271 Pac. 327.]

Scatterday & Stone, for Appellants.

Allen P. Asher, for Respondent.

WM. E. LEE, C. J.—This appeal is from a judgment of the district court, reversing a decision of the industrial accident board.

John K. Ashley, seventy-two years of age, for fifty years a surveyor, while engaged in surveying a road for Bonner County, sustained an injury to the great toe of his left foot, after which he worked for about thirty minutes. Some two weeks later he sought the services of Dr. Page, who found that "the wound was infected and apparently a lacerated wound." The injury failed to respond to the prescribed treatment and it was discovered that Mr. Ashley had diabetes. Dr. Page recommended hospital care and treatment. Mr. Ashley was then taken to the home of his daughter and thereafter treated by Drs. Bardwell and Phillips, at Newport, Washington. They also found the diabetic condition and that the wound was gangrenous. They removed the toe and the metatarsal bone of the injured foot. Death occurred about three weeks after the operations.

The board found that death resulted "from diabetes and not as a result of any injury received by accident," and denied compensation. On appeal, the district court held that there was no competent evidence to sustain the finding that death was caused by diabetes and that the board erred in making such finding. The district court thereupon made a finding that " .... John K. Ashley died .... as a result of the accident. .... "

It is contended that the evidence is insufficient to sustain the finding of the district court that death resulted from the injury, and that the court was not justified in setting aside the finding of the board.

That deceased sustained an injury to his toe and was also afflicted with diabetes there is no doubt. That the injured toe

became gangrenous is also fully proven. Since respondent sought to show that the gangrenous condition of the foot resulted from the injury and appellant sought to prove that it resulted from the disease, it is safe to say that counsel assumed that the gangrenous condition of the foot was the immediate cause of the death. However, the record does not disclose what caused the death. The gangrenous condition, according to the medical evidence, could have resulted from either the disease or the injury, and the evidence does not disclose the actual cause thereof. Dr. Phillips, who performed the operations and in whose hospital the death occurred, testified that the gangrene "could come from either" the wound or the diabetes; that "injury or a blow in which the blood vessels are destroyed, will cause gangrene . . . . you can get diabetic gangrene without any injury; and you can get diabetic gangrene in a toe or any extremity without any injury." Having stated that "this gangrenous condition" could have resulted from an injury, Dr. Phillips was asked: "Are the probabilities any greater one way than another," and he replied: "I don't know. With a man of that age a blow might produce gangrene. It would be more liable to be a bad foot with a man having diabetes than with a man not having diabetes."

The board, on the identical evidence before the district court, found that death did not result from the accidental injury, and refused to make an award. Clearly the evidence is indefinite; it does not show what caused the death. The doctor, who was in the best possible position to know, said that he did not know which was the more probable cause, the accidental injury or the disease. While the cause of death in such a case may be shown by circumstantial as well as direct evidence, the burden is on a claimant to produce competent evidence that death resulted from an injury for which the statute provides compensation, and it is not sufficient to establish a state of facts which is as consistent with as against a right to compensation. (*Hills v. Blair*, 182 Mich. 20, 148 N. W. 243; *Savage v. Aetna Life*

*Ins. Co.*, 222 Mass. 205, 110 N. E. 283; *Fink v. Sheldon Axle Co.*, 270 Pa. 476, 113 Atl. 666; *Simpson Const. Co. v. Industrial Acc. Com.*, 74 Cal. App. 239, 240 Pac. 58; 2 Schneider, Workmen's Compensation Law, sec. 537; 2 Honnold, Workmen's Compensation, sec. 126; 28 R. C. L., p. 812, sec. 99.) As between two possible causes of death, the one compensable and the other not, the evidence fails to disclose the more probable. It follows, therefore, that the court erred in finding that death resulted from an accidental injury which arose out of and in the course of the employment.

■ Compensation was paid from the time of the injury to January 11, 1926, and the court, in finding No. VII, found that certain compensation was due deceased at the time of his death; and that claimant had paid certain reasonable sums as hospital and funeral expenses. Error is assigned that the evidence is insufficient to sustain this finding. Naturally, if death did not result from the accident, there could be no liability for funeral expenses. There was sufficient evidence, however, to justify the trial court in finding that the workman was entitled to compensation and to hospital and medical services. Having been injured, he was entitled to compensation and necessary hospital and medical attention even though death resulted from another cause.

The judgment of the district court will be modified by striking therefrom the following:

" . . . . and for the sum of $200.00 funeral expenses paid by said claimant, and for the further sum of $780.00 accrued compensation for 65 weeks from February 8th, 1926, to the date hereof at the rate of $12.00 per week making a total judgment due at this time in the sum of Eleven Hundred forty-six ($1146.40) . . . . funeral expenses and accrued death benefits; and for the further payments until the death or re-marriage of said Lillian H. Ashley, incompetent, at the weekly rate or amount of $12.00 same to be paid monthly from and after the date of this judgment. . . . . "

As so modified, the judgment is affirmed. No costs allowed.

Taylor, J., and Hartson, District Judge, concur.

Givens, J., dissents.