(No. 5534.   June 30, 1930.)

BELLE LARSON, Administratrix of the Estate of OSCAR LARSON, Appellant, v. OHIO MATCH COMPANY, Employer, and AETNA CASUALTY & SURETY COMPANY, Surety, Respondents.

[289 Pac. 992.]

Frank Langley, for Appellant.

R. M. Cummins and Harry M. Morey, for Respondents.

GIVENS, C. J.—Oscar Larson, while working for the respondent, received an injury by a board falling on his leg for which he received compensation. Some fourteen months thereafter he suffered a stroke of paralysis from which he soon after died. Prior to his death, however, he filed a petition with the Industrial Accident Board to reopen his case on the ground of a change in conditions occasioned by the paralysis, which he claimed was caused by the leg injury. The Industrial Accident Board denied the petition and this was affirmed by the district court. The decedent's widow, as administratrix of his estate, has been regularly substituted as the claimant and appellant in this appeal.

Respondents contend that the evidence does not sufficiently establish that the accident was the cause of Larson's death. The criterion governing such a situation has been laid down by this court in *Hawkins v. Bonner County*, 46 Ida. 739, 271 Pac. 327, 328, as follows:

"The burden is on a claimant to produce competent evidence that death resulted from an injury for which the statute provides compensation, and it is not sufficient to establish a state of facts which is as consistent with as against a right to compensation."

See, also, *Simpson Const. Co. v. Industrial Acc. Com.*, 74 Cal. App. 239, 240 Pac. 58; *In re Sanderson's Case*, 224 Mass. 558, 113 N. E. 355; 28 R. C. L. 812.

■ The respondent introduced no evidence. Several physicians testified for appellant, the material part of their testimony being as follows:

Dr. Dwyer:

"Q. Do you think the facts I have related would accelerate any latent weakness that might have, previous to the time of the injury, existed in his system—do you think that it would have accelerated that tendency to the stroke of apoplexy? A. It is possible that it did so."

Dr. Teed:

"Q. Now doctor, did you mean to say in answer to Mr. Morey's question that this injury might have accelerated the claimant's stroke of apoplexy, or that in your opinion it did accelerate it? A. Well the idea I meant to convey was that it is possible that it did, or it could hasten the condition like Mr. Larson has.

"Q. Would you say that it probably did hasten it? A. Well I might just hesitate to say that but it is possible that it could."

Dr. Sturgis:

"Q. Do you think the injury had anything to do with bringing on his present condition and if so, what? A. All I could say is that it might have. . . . . "

Dr. Mowery:

"Q. What are your conclusions as to whether or not an injury suffered by the claimant in December, 1927, caused or tended to hasten the development of his present condition? A. Well, in my candid opinion, gentlemen, it certainly is a most pitiable case but in my opinion the possibility of connecting this injury with the present condition is rather remote—it is not very probable."

Tested by the above rule, this evidence is insufficient to show that the accident caused the death.

The court therefore did not err in denying compensation.

Judgment affirmed. Costs to respondent.

Lee and Varian, JJ., and Johnson, D. J., concur.