(No. 5817.   June 23, 1932.)

MIKE DUNNIGAN, Employee, Appellant, v. JOHN SHIELDS, LELAND SHIELDS and LEX SHIELDS, Copartners, Employers, and STATE INSURANCE FUND, Surety, Respondents.

[12 Pac. (2d) 773.]

Myrvin Davis, for Appellant.

Wm. M. Morgan, for Respondent State Insurance Fund.

BUDGE, J.—By this proceeding appellant seeks to recover compensation for injuries sustained on January 18, 1930, as hereinafter more fully set out. Hearing was had before the Industrial Accident Board, which made the following findings of fact, among others:

"II. That on the 18th day of January, 1930, and for some time prior thereto, the claimant, Mike Dunnigan, was in the employ of said defendants, John Shields, Leland Shields and Lex Shields, as a laborer, engaged in doing

the regular work of a helper around said sawmill and in said logging operations . . . .

"III. That on the said 18th day of January, 1930, the claimant was temporarily engaged in constructing a domestic water system at said sawmill; that while so engaged he slipped and fell in a sitting posture upon the ice while carrying upon his right shoulder a piece of iron pipe two inches in diameter and eighteen feet in length; that when the claimant so fell upon the ice he immediately became dizzy and suffered pain in his head and was unable to rise for five minutes thereafter; that he then arose and resumed his former work and experienced headache, earache and dizziness for about two weeks; that claimant continued with his employment working, however, generally at lighter work and not working at all on some days, until the 10th day of April, 1930, when he became totally disabled for work of any kind and has so continued until the present time, and that the claimant is now totally and permanently disabled for work.

"IV. That at and prior to the time when the claimant slipped and fell upon the ice on the 18th day of January, 1930, as aforesaid he was afflicted with a disease known as 'multiple sclerosis' and had a deformed fifth lumbar vertebra and a scoliosis in the region of the upper lumbar spine and a compensatory scoliosis in the region of the lower dorsal spine; that said condition in the fifth lumbar vertebra and said scoliosis in the regions of the upper lumbar spine and lower dorsal spine were of long standing and existed prior to the 18th day of January, 1930.

"V. That said slipping and falling upon the ice by the claimant on the 18th day of January, 1930, as aforesaid, was an accident arising out of and in the course of the claimant's employment with the defendant, John Shields, Leland Shields and Lex Shields, and precipitated additional manifestations of said multiple sclerosis with which the claimant was then afflicted; that the claimant is now totally and permanently disabled for work and that said disability is caused by said multiple sclerosis and by said conditions

in the spine, and that said multiple sclerosis is not the result of said accident and was not caused thereby.''

And upon such findings based its ruling of law that appellant was not entitled to compensation and his claim should be denied, and entered its order denying and dismissing appellant's claim for compensation. Appellant perfected an appeal from said order to the district court of the eighth judicial district, which in effect adopted and approved the findings and ruling of law made by the board and entered its judgment affirming the order appealed from. From this judgment this appeal is taken.

Appellant assigns as error the making of findings of fact Nos. IV and V, the ruling of law above referred to and the adoption and approval thereof by the district court.

There is but one question before us for determination, namely: Is there sufficient competent evidence in the record to support the findings complained of? The burden is upon the compensation claimant to prove both his disability and that the injury was caused by accident arising out of and in the course of his employment. (*Croy v. McFarland-Brown Lumber Co.*, 51 Ida. 32, 1 Pac. (2d) 189; *Walker v. Hyde*, 43 Ida. 625, 253 Pac. 1104; *Hawkins v. Bonner County*, 46 Ida. 739, 271 Pac. 327; *Larson v. Ohio Match Co.*, 49 Ida. 511, 289 Pac. 992; *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203.) The burden is also upon appellant to establish the probable cause of his disability. (*Strouse v. Hercules Min. Co., supra; Hawkins v. Bonner County, supra; Larson v. Ohio Match Co., supra.*) It may be conceded that the evidence and findings of fact support appellant's contention that he is totally disabled. The vital issue, however, is: Did the total disability arise as a result of an accident arising out of and in the course of his employment? There is an irreconcilable conflict in the evidence upon this question. Expert evidence was offered on behalf of respondents that appellant's total disability was the result of a disease known as multiple sclerosis and a deformed lumbar vertebra causing a scoliosis in the region of the upper lumbar spine and a

compensatory scoliosis in the region of the lower dorsal spine, which condition was of long standing and existed prior to January 18, 1930. Such evidence tended to show that multiple sclerosis is a disease marked by sclerosis occurring in sporadic patches throughout the brain or spinal cord or both; that it is regarded as probably of infective origin and it seems to be a seriously disputed fact whether or not it could result from an injury; that it is not curable, develops gradually over a period of time and may last for many years.

Appellant offered expert testimony contradictory to that offered by respondents and to the effect that the condition above stated was the result of the accident on January 18, 1930, and not a disease. The board found, as cited in its findings, that the total disability of appellant was not due to the accident occurring January 18, 1930, or injury resulting therefrom, and we are forced to the conclusion, after a careful study of the record, that there is sufficient competent evidence to support the board's findings, which being true, the findings will not be disturbed. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Butler v. Anaconda Copper Min. Co.*, 46 Ida. 326, 268 Pac. 6; *Burchett v. Anaconda Copper Min. Co.*, 48 Ida. 524, 283 Pac. 515; *Delich v. Lafferty Shingle Mill Co.*, 49 Ida. 552, 290 Pac. 204; *Croy v. McFarland-Brown Lumber Co., supra; Strouse v. Hercules Min. Co., supra; Ramsay v. Sullivan Min. Co.*, 51 Ida. 366, 6 Pac. (2d) 856.) The same rule maintains where, as here, there is a substantial conflict in the evidence. (*Delich v. Lafferty Shingle Mill Co., supra; Ramsay v. Sullivan Min. Co., supra; Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356.)

In conclusion it should be observed that in Finding No. V it is stated that the accident on January 18, 1930, "precipitated additional manifestations of said multiple sclerosis with which the claimant was then afflicted." This is not a finding that the accident precipitated appellant's total disability or aggravated appellant's previous condition or the disease itself, but that the accident precipitated

*additional manifestations* of the disease. Such finding is confusing, unnecessary and superfluous in view of the specific finding that appellant's total disability was caused by said multiple sclerosis and the conditions in the spine, and that said multiple sclerosis was not the result of said accident and was not caused thereby.

The judgment is affirmed. No costs are awarded.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.