(No. 5898. December 10, 1932.)

FAYE WELLS, Respondent, v. ROBINSON CONSTRUCTION COMPANY and STATE INSURANCE FUND, Appellants.

[16 Pac. (2d) 1059.]

Scatterday & Stone, for Appellants.

Chas. E. Harris, Geo. H. Crosby, Jr., and Kent M. Crosby, for Respondent.

VARIAN, J.—This is a proceeding under the Workmen's Compensation Act. On June 28, 1928, about 4 P. M., Merritt Wells was killed by lightning while employed in highway construction work about four miles west of Thomas' Fork crossing, in Bear Lake county. No testimony was taken before the Industrial Accident Board, which had before it an oral stipulation of facts, entered into by counsel for claimant and for defendants, at the hearing before one member of said board. The stipulation is as follows:

"It is hereby stipulated and agreed by and between the claimant, through her attorney, Charles E. Harris, and the defendants, through their attorneys, Scatterday & Stone, that Merritt Wells, Deceased, for whose death in this action claim is made, was 39 years of age; at the time of his death he was working on the public highway commonly known as the 'Oregon Trail,' on construction work for C. A. Robinson Construction Company, within Bear Lake County, Idaho, at a point about four miles west of Thomas' Fork crossing; that his death was caused by a stroke of lightning and that he was instantaneously killed; that at the time of the said death he was engaged in plowing in said construction work and had ahold of the handles of the plough at the time of said stroke; that he had been directed, together with others in the employ of this company, to do the particular piece of work in which he was engaged at the time of his death; that these instructions were given to him by the foreman or man in charge of the said construction company the day said accident happened and that he was engaged in this work under such instructions at the time of his death; that Merritt Wells, Deceased, began working for this company upon this particular piece of construction on May 3, 1928; that while in the performance of the said work as heretofore set forth for the

said company said Merritt Wells was killed on the 28th day of June, 1928, by a stroke of lightning; that his death was instantaneous; that Faye Wells was the wife of said Merritt Wells and survives him and three minor children, named Doris Wayne Wells, born February 19, 1925, and Lois Elaine Wells, born August 1, 1927, and Merritt Wells, Jr. born the 17th of August, 1928; that said Merritt Wells, Deceased, was the sole support of the said Faye Wells and the said minor children; that they were living together as husband and wife at the time of his death; that the said Merritt Wells wages in such work was $4.00 each eight hours for six days a week, or that his average weekly wages were $24.00 a week; that C. A. Robinson Construction Company was insured with the State Insurance Fund at the time of this accident. It is stipulated and agreed that the funeral expenses were $120.00.''

The board member found that ''the personal injury by accident sustained by the deceased'' did not arise out of his employment with his employer and denied compensation. On review, the full board found the facts in substantial conformity to the stipulation and ruled ''That the death of the deceased, Merritt Wells, was not the result of a personal injury by accident arising out of his employment, etc.,'' again denying compensation. On appeal, the district court made additional findings, based upon the same stipulation of facts, reversed the action of the Industrial Accident Board, and awarded compensation to claimant. From this judgment the defendant contractor and its surety appeal.

Our law provides compensation for injuries by accident ''arising out of and in the course of any employment covered'' by it. (C. S., sec. 6217.) The cases, interpreting the same or similar statutes, involving death or injury by lightning, so far as results indicate, are not in entire harmony. The facts differ in each case, but the general principle runs through them all that in order for the injury to be compensable there must be a causal connection between the employment and the injury. It must

be shown that the workman was more exposed to injury by lightning by reason of his employment than were others, not so engaged, in the same vicinity. That is, if the workman, in pursuit of his duties under his employment, is exposed to a special or peculiar danger from lightning, or the elements—a greater danger than other persons in the same locality are exposed to—and an unexpected death or injury is sustained by lightning, or the elements, such injury constitutes an accident ''arising out of and in the course of'' the employment. Conversely, if it is not shown that the workman was exposed by reason of his employment to a danger greater than, or not common to, others in that locality, his accidental death or injury by lightning stroke or the elements is not compensable. (*Wiggins v. Industrial Accident Board*, 54 Mont. 335, 170 Pac. 9, Ann. Cas. 1918E, 1164, L. R. A. 1918F, 932; *Thier v. Widdifield*, 210 Mich. 355, 178 N. W. 16; *Hoenig v. Industrial Acc. Com.*, 159 Wis. 646, 150 N. W. 996, L. R. A. 1916A, 339; *Griffith v. Cole Bros.*, 183 Iowa, 415, 165 N. W. 577, L. R. A. 1918F, 923; *De Luca v. Board of Park Commrs.*, 94 Conn. 7, 107 Atl. 611; *Klawinski v. Lake Shore etc. Ry. Co.*, 185 Mich. 643, 152 N. W. 213, L. R. A. 1916A, 342; *Netherton v. Lightning Delivery Co.*, 32 Ariz. 350, 258 Pac. 306; *Alzina Construction Co. v. Industrial Com.*, 309 Ill. 395, 141 N. E. 191; *United States F. & G. Co. v. Rochester*, (Tex. Civ. App.) 281 S. W. 306; 115 Tex. 404, 283 S. W. 135; *Mathis v. Ash Grove Lime & Portland Cement Co.*, 127 Kan. 93, 272 Pac. 183; see Schneider, Workmen's Compensation Law, 2d ed., vol. 1, p. 1140, sec. 343; see notes in 13 A. L. R. 977; 40 A. L. R. 401; 46 A. L. R. 1218; 28 R. C. L. 806, par. 94.)

As was said by the Arizona court in *Netherton v. Lightning Delivery Co., supra,* ''Each case must therefore be considered on its own facts. But the standard for testing those facts is always the same, to-wit, Did the employment increase the danger?''

The only case construing statutes similar to ours, not following the foregoing rule, is that of *Aetna Life Ins. Co.*

*v. Industrial Com.*, 81 Colo. 233, 254 Pac. 995, cited by respondent, holding that because the workman's employment required him to be where the lightning struck him there was a causal relation between employment and accident, which is, we believe, contrary to the great weight of authority. The case of *State Road Com. v. Industrial Com.*, 56 Utah, 252, 190 Pac. 544, also cited by respondent, is not in point because the Utah statute did not, like ours, require the accident to arise out of *and* in the course of the employment, it being in the alternative, granting compensation if either of said conditions existed. *Re Harraden*, 66 Ind. App. 298, 118 N. E. 142, 13 A. L. R. 975, also cited by respondent, adheres to the rule that there must be a causal connection between the employment and the injury beyond the mere fact of the claimant being there at the time. The same is true as to the other cases cited by respondent: *Mathis v. Ash Grove Lime & Portland Cement Co., supra; State v. District Court*, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; *De Luca v. Board of Park Commrs., supra.* The case of *Zeier v. Boise Transfer Co.*, 43 Ida. 549, 254 Pac. 209, does not sustain respondent here. It was not a case of accident on account of the elements, or lightning, but had to do with traffic upon a public street.

The stipulation and findings of fact based thereon by the Industrial Accident Board clearly fail to show that the death of Merritt Wells occurred by accident arising out of his employment. The burden was upon claimant to show not only that the accident occurred in the course of deceased's employment but that it arose out of it; to establish the causal connection between the employment and the accident. (*Hawkins v. Bonner County*, 46 Ida. 739, 271 Pac. 327; *Larson v. Ohio Match Co.*, 49 Ida. 511, 289 Pac. 992; *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203; *Croy v. McFarland-Brown Lbr. Co.*, 51 Ida. 32, 1 Pac. (2d) 189; *Walker v. Hyde*, 43 Ida. 625, 253 Pac. 1104; *Griffith v. Cole Bros., supra; Thier v. Widdifield, supra; Alzina Construction Co. v. Industrial Com., supra.*)

This was not done and the lack of proof of causal connection justified the board in refusing the award, and the district court should not have disturbed the board's conclusions. (See *Delich v. Lafferty Shingle Mill Co.*, 49 Ida. 552, 290 Pac. 204; *Strouse v. Hercules Min. Co., supra; Croy v. McFarland-Brown Lbr. Co., supra.*)

The additional findings made by the district judge, from the same stipulation of facts, no other evidence of the facts having been presented, were not justified. The stipulation that at the time of his death deceased was engaged in plowing "and had ahold of the handles of the plow at the time of said stroke" does not authorize the further finding by the district judge that special hazard resulted because the plow was constructed of steel or iron and was drawn by horses or tractor; or "That it may be reasonably assumed that deceased was working in damp ground within a few feet of the horses, or a tractor, and that by reason of such condition and his position that his accident 'grew out of and in the course of his employment' "; or "That judicial notice is taken that a plow is constructed more or less of steel and iron, and that in the operation of the same that either horses or a tractor is used, and further that it is generally assumed as a fact that both animals and steel or iron machinery are good conductors of electricity, thus increasing the hazard of the likelihood of lightning being conducted or communicated to a human being, who happens to be close by or within a few feet of said machinery and animals, a hazard which would not be assumed by a person not being in a like position; and hence, as a matter of law, an accident under such circumstances would be one 'growing out of and in the course of his employment.' " As may be readily observed these "findings" by the district judge are not findings of fact but inferences drawn from the stipulated facts that at the time of the accident deceased was plowing with his hands upon the plow handles. The inference is then drawn, from what had heretofore been inferred, that deceased was killed while working in a place of special

hazard to lightning; an inference of fact based upon another inference of fact, which is not permissible. (*Swetland v. New World Life Ins. Co.*, 35 Ida. 109, 131, 206 Pac. 190 (on rehearing); *Johnson v. Richards*, 50 Ida. 150, 163, 294 Pac. 507; *School District No. 27 v. Twin Falls Nat. Bank*, 50 Ida. 668, 673, 299 Pac. 662; *State v. Cox*, 298 Mo. 427, 250 S. W. 551.)

Respondent argues that the court would judicially notice the fact that deceased, at the time of the accident, was working in a situation of special hazard and peculiar danger. While it is true that courts take judicial notice of the laws of nature and may resort for aid to appropriate books or documents for reference (C. S., sec. 7933; *Petajaniemi v. Washington etc. Co.*, 22 Ida. 20, 124 Pac. 783), we have been unable to find any authority which supports the theory that a man plowing in a highway, with his hands holding the handles of the plow, runs any greater hazard from lightning stroke than one not so engaged. In the absence of any proof as to the surrounding circumstances we are without sufficient data on which to base such a conclusion. For the reasons given we are of opinion, from the record here, that the employee's death did not result from an accident arising out of his employment.

Judgment reversed. Costs to appellants.

Lee, C. J., and Budge, Givens and Leeper, JJ., concur.

Petition for rehearing denied.

Budge, J., dissenting.