(No. 6592.   November 16, 1938.)

A. B. NELSON, Administrator of the Estate of HOWARD PUCKETT, Deceased.   CASSEDY FUNERAL HOME and STATE OF IDAHO, on the Relation of HARRY C. PARSONS, State Auditor, Respondents, v. TESEMINI TIMBER PROTECTIVE ASSOCIATION, and STATE DEPARTMENT OF FORESTRY, Employers, and STATE INSURANCE FUND, Surety, Appellants.

[84 Pac. (2d) 566.]

Carroll F. Zapp, for Appellant.

J. Ward Arney, J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondents.

BUDGE, J.—This is a direct appeal from an award of the Industrial Accident Board awarding $1,000 to the treasurer

of the state of Idaho on behalf of the Industrial Administration Fund pursuant to section 43-1101, subsection 6, I. C. A., and $200 funeral expense to A. B. Nelson, administrator of the estate of Howard Puckett, deceased.

On the evening of August 13th, 1936, about 10 or 11 o'clock, deceased came to the cabin of Bert Percival and complained of feeling ill and arranged to spend the night in Percival's cabin. During the night deceased's condition grew worse and on the morning of August 14th he was taken to the hospital at Spirit Lake in a delirious and helpless condition. His illness was diagnosed as Rocky Mountain Spotted Fever resulting from the bite of an infected wood tick. The deceased grew steadily worse and died on August 19, 1936.

The single question presented by this appeal is whether the evidence established that the death of the deceased from Rocky Mountain Spotted Fever resulted from the bite of an infected wood tick received while deceased was employed by appellant Tesemini Timber Protective Association fighting fire, or, while unemployed.

██ This court has heretofore announced the rule that the burden of proof is upon the claimant to establish the probable cause of disability or injury. (*Hawkins v. Bonner County*, 46 Ida. 739, 271. Pac. 327; *Larsen v. Ohio Match Co.*, 49 Ida. 511, 289 Pac. 992; *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203; *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *In re Larson*, 48 Ida. 136, 279 Pac. 1087; *Roe v. Boise Grocery Co.*, 53 Ida. 82, 21 Pac. (2d) 910.) It is in effect conceded that deceased died from Rocky Mountain Spotted Fever resulting from the bite of an infected wood tick, and that such is a compensable accident within the meaning of the Workmen's Compensation Act. (*Smith v. McHan Hdw. Co.*, 56 Ida. 43, 48 Pac. (2d) 1102, 1104; *Roe v. Boise Grocery Co., supra.*)

The record discloses that both while employed and unemployed the deceased was in a tick infested area and the testimony of Drs. Schmidt and Lewis is to the effect that as a generality Rocky Mountain Spotted Fever develops in from two to twelve days after the bite of an infected tick. From these facts appellants urge that it is as probable that the bite

causing the Rocky Mountain Spotted Fever resulting in deceased's death was received during an unemployment period as within an employment period. The record discloses however, that Dr. Schmidt, whose testimony is uncontradicted, referring to this specific case, testified that, partly from the history given by men who brought deceased to the hospital and from the inflammation which had developed around deceased's head, that the case of deceased was brought to him between the sixth and eighth day after he had been bitten.

"A. Well it came to me between the 6th and 8th day after he had gotten bit."

It appears without conflict that deceased was brought to the hospital early on the morning of August 14th and that deceased had worked July 19th, 20th, and 21st, and, on August 2d, 3d, 4th, 5th, 6th, and 7th. Accepting Dr. Schmidt's testimony literally, that is that the bite occurred between the sixth and eighth day before deceased was brought to him on the morning of the 14th, fixes the time of the bite as of the morning of August 7th, at which time deceased was employed by the Tesemini Timber Protective Association. This is the only positive testimony in the record upon this phase and stands uncontradicted. The award of the board should be affirmed.

Holden, C. J., and Morgan and Givens, JJ., concur.

Ailshie, J., did not participate in the opinion.