(No. 6548. February 16, 1939.)

ARTHUR C. BROOKE, Appellant, v. PAT NOLAN, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[87 Pac. (2d) 470.]

Rayborn & Rayborn, for Appellant.

Carroll F. Zapp, for Respondent.

HOLDEN, J.—On and for some time prior to April 19, 1937, claimant was employed as a plumber, by respondent Pat Nolan. On that day claimant was, it seems, engaged in either installing or repairing plumbing in the basement of a Twin Falls building. The basement had a cement floor. To install or repair the plumbing it was necessary for claimant to make an opening through the cement floor into a sewer. To accomplish that he had to "bust the concrete up" with a pick, which caused considerable dry dust.

He had had a pimple on the back of his neck for a couple of days, and while at work his neck became itchy and he scratched the pimple causing it to bleed. He, however, con-

tinued with his work throughout the day, but ate no supper that evening because he felt ill. The next morning he reported for work although not feeling well, the back of his neck being quite swollen and inflamed. At the suggestion of his employer he consulted a physician who diagnosed his illness as being due to a large purulent carbuncle on the back of his neck and head. He was immediately hospitalized and a surgical operation performed, and the carbuncle removed.

September 13, 1937, he filed a claim for compensation for partial disability and for medical attendance and the expense of hospitalization. December 1, 1937, the matter was heard. December 31, the board found: "That sickness and disability of the claimant and the carbuncle that appeared on the back of his neck and head on or about the 19th day of April, 1937, were not caused by, or the result of any personal injury by accident sustained by claimant in the course of, or arising out of, his said employment, but were caused by disease," and entered an order denying an award against the respondents, from which this appeal was prosecuted.

The burden was upon appellant to show he suffered a personal injury by accident "arising out of and in the course of his employment" (*Croy v. McFarland-Brown Lumber Co.*, 51 Ida. 32, 1 Pac. (2d) 189; *Larson v. Ohio Match Co.*, 49 Ida. 511, 289 Pac. 992; *Hawkins v. Bonner County*, 46 Ida. 739, 271 Pac. 327; *Walker v. Hyde*, 43 Ida. 625, 253 Pac. 1104).

For the purpose of proving the carbuncle was caused by external infection, that is to say, by scratching a pimple on the back of his neck while at work in the basement, appellant called Doctors Parkinson and Weaver. The former testified:

"Q. From the history of the case as you got it and from your examination and treatment since the first time you saw him (claimant), can you give an opinion as to what caused his illness?"

"A. I cannot."

And Doctor Weaver testified:

"Q. At the time you saw the carbuncle was there any way of you being able to decide whether it was caused by trauma or not?"

"A. No."

"Q. You couldn't form an opinion then?"

"A. No, I couldn't."

"Q. Was this such an infection that might have been or could have been caused by a person scratching his neck with his finger nails and breaking the skin or a place where the skin was broken, if the fingers were dirty and the man was working in a sewer with a lot of filth and dirt?"

"A. Yes, I should think so."

To constitute an accident "arising out of and in the course of employment," there must be a probable, and not a possible, connection between cause and effect (*Nistad v. Winton Lumber Co. et al.*, 59 Ida. 533, 85 Pac. (2d) 236; *Beaver v. Morrison-Knudsen Co.*, 55 Ida. 275, 297, 41 Pac. (2d) 605; *Croy v. McFarland Lumber Co., supra; Larson v. Ohio Match Co.*, 49 Ida. 511, 289 Pac. 992). Tested by that rule, it is clear there is a failure of proof, in that it appears from the above-quoted testimony of appellant's witnesses, by which he is bound, the infection *might* or *could* have been caused by appellant's having scratched his neck, and not that it was *probably* so caused. The award of the Industrial Accident Board must, consequently, be affirmed, and it is so ordered.

Costs awarded to respondents.

Ailshie, C. J., and Budge, Givens, and Morgan, JJ., concur.