206 P.2d 545

**JOHANSEN v. FERRY-MORSE SEED CO. et al.**

**No. 7466.**

Supreme Court of Idaho.

May 16, 1949.

Richard H. Seeley, Jerome, for appellant.

Parry, Keenan, Robertson & Daly, Twin Falls, for respondents.

HOLDEN, Chief Justice.

F. A. Johansen was employed by the Ferry-Morse Seed Company at Hazelton, Jerome county, Idaho, as a night watchman from October 25, 1945, through November 5, 1945. He was a married man, 62 years of age, living with his wife, without dependent children. November 6, 1945, on account of trouble with his right foot he consulted Dr. Clarence H. Schilt, under whose treatment he continued thereafter.

He was hospitalized from November 29, 1945, to February 15, 1946. December 4, 1945, his leg was amputated, just above the knee. February 21, 1946, his attorney notified his employer, Ferry-Morse Seed Company, of an alleged accident stated in such letter to have occurred "on or about the 23rd day of October, 1945, and the date which he was forced to quit work, which was on the 6th day of November, 1945." October 24, 1946, Mr. Johansen filed with the Board formal notice of injury and claim for compensation in which it is stated the injury or accident occurred October 26, 1945. Claimant Johansen not being able to reach an agreement with his employer for the payment of compensation, the claim was set down for hearing and heard December 10, 1947. May 19, 1948, findings of fact and rulings of law were made and filed and the following order entered thereon:

"Order Denying Claim.

"Wherefore it is ordered that claimant take nothing by his petition herein and that his claim be and hereby is denied."

From that order claimant appeals.

The burden is upon a compensation claimant to prove he suffered a personal injury by accident arising out of and in the course of his employment. Clark v. General Mills, 65 Idaho 742, 748, 152 P.2d 895; Brooke v. Nolan, 59 Idaho 759, 87 P.2d 470; Croy v. McFarland-Brown Lumber Co., 51 Idaho 32, 1 P.2d 189; Larson

v. Ohio Match Co., 49 Idaho 511, 289 P. 992; Hawkins v. Bonner County, 46 Idaho 739, 271 P. 327; Walker v. Hyde, 43 Idaho 625, 253 P. 1104.

The 1937 Session of the legislature, Sess. Laws 1937, chap. 175, page 288, amended sections 43-1408, 43-1409, and 43-1413, I.C.A. (now secs. 72-608, 72-609, and 72-613, I.C.). In addition to providing an appeal could be prosecuted from a final order or award of the Industrial Accident Board direct to this court, it provided that "Upon hearing [on appeal] the court may affirm or set aside such order or award but may set it aside *only* upon the following grounds, and *shall not set the same aside on any other or different grounds,* to-wit:

"(a) That the findings of fact are not based on *any* substantial, competent **evidence** [emphasis added].

"(b) * * *

"(c) * * *

"(d) * * *."

Cited and followed in Bower v. Smith, 63 Idaho 128, 135, 118 P.2d 737; and in Cameron v. Bradley Mining Co., 66 Idaho 409, 415, 160 P.2d 461.

The Board, the trier of the facts in industrial accident cases, found as a fact:

"The Board, on conflicting evidence, finds that the condition of claimant's foot which resulted in his loss of the lower leg was not due to an injurious accident in his employment with the defendant employer, but was due to diabetes, from which prior to said employment he had suffered for a long time."

And as a conclusion or ruling of law, the Board decided:

"The claimant did not on or about October 26, 1945, or on or about November 1, 1945, receive a personal injury caused by an accident arising out of and in the course of his employment with Ferry-Morse Seed Company."

█ We have uniformly held that where, as in the instant proceeding, there is substantial competent evidence to support the findings of the Board, though conflicting, the findings will not be disturbed. Cole v. Fruitland Canning Ass'n, 64 Idaho 505, 521, 134 P.2d 603; Golay v. Stoddard, 60 Idaho 168, 173, 89 P.2d 1002; Knight v. Younkin, 61 Idaho 612, 621, 105 P.2d 456; Watkins v. Cavanagh, 61 Idaho 720, 107 P.2d 155; Bower v. Smith, 63 Idaho 128, 118 P.2d 737, 740.

█ And, furthermore, where the facts and circumstances shown by the record are such as very well might lead different minds to reach different conclusions upon the issues presented; however meager the evidence, if it is of a substantial nature and character, as in the case at bar, the findings of the triers of fact should prevail. Walker v. Hogue et al., 67 Idaho 484, 490, 185 P.2d 708, recently approved in Warlick v. Driscoll et al., 68 Idaho 552, 200 P.2d 1014, 1019, and Stra-

lovich **v.** Sunshine Mining Co., 68 Idaho 524, 201 P.2d 106, 112.

The order appealed from is affirmed, with costs to respondents.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.