394 P.2d 290

Richard F. GRAVES, Employee, Claimant and Appellant,

v.

AMERICAN SMELTING & REFINING COMPANY, Self-Insured Employer, Defendant and Respondent.

No. 9431.

Supreme Court of Idaho.

July 20, 1964.

McClenahan & Greenfield and Gideon H. Oppenheimer, Boise, for appellant.

H. J. Hull & Sons, Wallace, for respondent.

McFADDEN, Justice.

Claimant, Richard F. Graves, appeals from an award of the Industrial Accident Board, of permanent partial disability of 6% as compared to the loss of one arm at the shoulder, he contending that he is entitled to a larger award.

On September 12, 1963, claimant petitioned the Industrial Accident Board for hearing on his claim for permanent disability. He was injured while working for the American Smelting and Refining Company, a self-insurer, referred to herein as

the employer. All allegations of the claimant's petition are admitted by the employer, except that claimant suffered any permanent partial disability.

On May 29, 1961, while employed by defendant the claimant was injured in an accident that arose out of and in the course of his employment at the Page Mine. Claimant had been working with a partner on opening an old raise, in the mine, when rock started to slough. His partner was hit with some of the falling material, and claimant pulled his partner back to where they were protected by lagging. The machine they had been using was still on, and claimant went out from under the protection of the lagging, to turn it off when he also was struck by falling material.

Claimant's first examination by Dr. Robert W. Cordwell, on the day of the accident, indicated he has suffered multiple abrasions and contusions of his head, back, left shoulder and left arm. Two teeth were broken out of his upper denture. A probable cracked rib was also diagnosed, which diagnosis was confirmed by a subsequent examination a few days later. The Doctor's final report indicates claimant did not return for further treatment after June 16, 1961.

Written claim was submitted by claimant, and the defendant made payments for total temporary disability for the period of four weeks, and also paid all medical expenses.

Hearing was had on claimant's petition, before the Board. The only witness to testify was the claimant himself. Claimant submitted a written medical report of Dr. Knight, a physician and surgeon, who had examined him a month prior to the hearing. The Employer submitted a written report by Dr. Cordwell, who a few days before the hearing, had again re-examined the claimant, and a report of Dr. Gallivan a radiologist.

Claimant testified that since the accident his injured shoulder has progressively gotten worse; it started paining him in the fall of 1961, so that he could no longer work as a miner, for he couldn't handle heavy machinery; that his shoulder aches at night; that since the accident, he has been employed as a painter; that he is able to work until noon on some days, other days until one or two o'clock, and able to work eight hours a day only because of his fortitude.

The board considered the testimony and the statements of the doctors, and entered an award in favor of claimant. The award approved payments previously made by the employer and further ordered payment of specific indemnity of 14.4 weeks at the rate of $30.00 per week beginning June 27, 1961, in the amount of $432.00. This award is based on the board's finding that claimant's

partial permanent disability attributable to and residual of the accident is equivalent to 6% as compared to loss of an arm at the shoulder.

Claimant appeals from the findings of the board and from the award. He challenges by his assignments of error certain specific findings of the board, asserting that the findings do not, as a matter of law support any of the rulings of law or the award, also asserting the board erred in admission of certain of the employer's exhibits, and finally contends the board erred in failing to fix permanent partial disability in accordance with the report of Dr. Knight.

■ Claimant properly contends that this court is not bound by the findings of the board, because the ultimate questions before the board were presented in documentary form, i. e., the written statements of the doctors, and that this court may review such statements and make its own evaluation of the facts therefrom. In re Markham's Inc., 79 Idaho 307, 316 P.2d 553, in reversing a finding by the board, this Court stated:

"The board is fundamentally a fact finding body. Its application of the law is incidental to its administrative function. (citing cases). It applies the law to the facts as found by it, not to facts found by some other officer or agency.

"In this situation there are two rules which govern our disposition of the cause. First: Insofar as the facts before the board were evidenced by written documents—the case for the agency consisted entirely of its written record —this court is not bound by the findings or conclusions of the board thereon, but will make its own determination from the written record. (citing cases). Second: Where, as here, the evidence is undisputed and without conflict, it becomes a question of law for this court to determine whether such evidence will support the conclusions reached by the board."

Claimant particularly complains of the board's finding to the effect that his doctor's estimate of his partial permanent disability residual of the accident, as equivalent to 40% as compared to the loss of an arm at the shoulder, was based not upon physical impairment, but upon claimant's subjective symptoms and upon a highly speculative prognosis. He also complains of the board's ultimate finding that claimant's partial permanent disability attributable to and residual of his accident is equivalent to 6% as compared to the loss of an arm at the shoulder. By those assignments, claimant asserts that this court should accept wholly the report of claimant's medical expert and disregard the report of the employers' medical experts. The principal question presented by this appeal is which

of the medical reports this court should accept, in evaluation of the board's award.

The report of claimant's medical expert indicates that it was based, in part at least, upon the assumption that after the date of the accident on May 29, 1961, claimant was unable to work until November, 1961, because of the injuries. Claimant admitted that he went to work in June as a painter, and that his shoulder did not begin to bother him until October or November of 1961. This report also shows that X-Rays disclosed no abnormalities of the ribs or the left shoulder. The estimate of Dr. Knight of claimant's permanent partial disability was "equivalent to 40% as compared to amputation of the left arm at the shoulder." However, the doctor failed to attribute a causal connection between his estimate of permanent partial disability, and the injury claimant received.

The board found.

"As an ultimate finding based on the minimal pathological x-ray findings of his recent examinations, giving some evidentiary weight to claimant's testimony as to subjective symptoms, the Board fixes claimant's partial permanent disability attributable to and residual of his accident of May 29, 1961, as equivalent to 6% of the loss of an arm at the shoulder."

Finding was based on the claimant's testimony as to his pain and subjective symptoms, and also on the report of the employer's medical expert, Dr. Cordwell, which contained the following statement:

"It is difficult to estimate a permanent partial disability rating for this man, as all his symptoms are subjective. I was not able to elicit any objective findings of abnormality. There is no detectable muscle spasm or limitation of motion, such as one would expect to find with a true disability."

The opinions of an expert, whether given by direct testimony, or by way of written reports, such as here, are not binding upon the trier of the facts, but are advisory only. Watkins v. Cavanagh, 61 Idaho 720, 107 P.2d 155; Nistad v. Winton Lumber Co., 61 Idaho 1, 99 P.2d 52; Evans v. Cavanagh, 58 Idaho 324, 73 P.2d 83. Especially would this be true, where the opinion as given by claimant's expert fails to correlate the disability with the injury that is the basis of the claim. Accepting the testimony of claimant as uncontroverted, and considering the opinions of the reports of the medical experts, it cannot be said that the board was in error in its findings in regard to claimant's partial permanent disability.

Claimant asserts that the board should accept the positive statements of his physician's report, rather than the negative statements of the employer's. In evaluating such assertion, it must also be kept in mind

that Dr. Cordwell was the physician who first observed claimant after his injury, and the one who treated him for that injury. Reports of the physician who treats the injured person should be given at least as great, if not greater weight, than those of a physician who examined the claimant only prior to trial. Stralovich v. Sunshine Mining Co., 68 Idaho 524, 201 P.2d 106. See also: Delich v. Lafferty Shingle Mill Co., 49 Idaho 552, 290 P. 204; Hawkins v. Bonner County, 46 Idaho 739, 271 P. 327. The statements of the respective physicians can hardly be denominated as wholly positive or wholly negative. Both discussed their findings as to the presence or absence of objective findings. Neither Physician found abnormalities of the left arm and shoulder, and both found that claimant had a good range of motion of the left arm. These factors were all considered by the board in making the award, and this court fails to see where there was any error in the Board's evaluation of the evidence.

■ Claimant assigns as error the admission into evidence of four exhibits offered by the employer. One of these exhibits was a copy of a physical examination, and the other an application for employment, both of which were signed by claimant. The offer of the copy of the physical examination was limited to statements claimant had signed; the application form for employment was signed by claim-

ant and contains statements which were relevant, and therefore were properly admissible. Two other exhibits were also employment applications, perhaps were not particularly relevant, but their admission was not prejudicial, having been offered for a limited purpose only.

The findings of the board are supported by the record, and the award of the board is affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.