In the Matter of the Claim of FRANK ZADROGA, Respondent, v. S. STROOCK & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 21, 1962.

*Watts, Oakes & Vander Voort* (*V. Frank Cline* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Herbst & Rachbaum* for claimant-respondent.

*Per Curiam.* The appellants contend that the finding of the board in its decision of April 14, 1960 that claimant had a continuing causally related disability from an accident which occurred June 21, 1956 after February of 1958 is not supported by substantial evidence.

The respondent board contends that the issue of causally related disability is not available to the appellants upon the appeal.

It appears that on October 29, 1959, the Referee found no causally related disability after December 12, 1957 and closed the case. Thereafter, on April 14, 1960, the board rescinded the Referee's decision and restored the case to the Referee's calendar for appropriate award. On July 8, 1960 the appellants requested a review by the board but the board on August 4, 1960 denied the application because there was no new evidence in the record since April 14, 1960. The carrier served its notice of appeal August 22, 1960. Specifically, the board contends that the appeal should have been taken from its decision in favor of causally related disability on April 14, 1960 in order to bring such issue before this court. This court, however, has previously determined that under such circumstances the appeal from the denial of the application for review is proper. (See *Matter of Levine* v. *Rosen,* 10 A D 2d 206, 208.)

Furthermore, the appeal from the denial brings up for review the prior decision of the board which established a continuing causally related disability. (Cf. *Matter of Levine* v. *Rosen, supra.*) The appeal was timely filed and accordingly the issue now before this court is whether or not the record contains substantial evidence to support the finding of the board.

The record shows that the claimant was injured June 21, 1956 when a basket push truck struck his back. This accident caused "Dizziness due to shock and nervousness, pain in right hip and leg, left arm contusions, sacroiliac sprain with possible fractured pelvis." It was later found that the pelvis was not fractured. The claimant's back pained him thereafter, but became more severe after November of 1957. The claimant left work because of this pain in February of 1958. The claimant's back had never troubled him prior to the accident of June 21, 1956 and he had not been injured since then in the area of his back or hip.

There was substantial medical testimony at a hearing on April 21, 1959 that the '' original injury is the cause of his present complaints and definitely there is a causal relationship ''.  Further, it appears that a doctor for the carrier testified that the claimant was disabled subsequent to February 19, 1958 but associated his condition to hypertrophic arthritis rather than traumatic.  He further stated that the original injury was aggravated by the arthritic condition.

While there were differences of medical opinion as to the reason for the continuing disability of the claimant, there is substantial medical evidence to sustain the finding of the board in favor of the claimant.

The brief filed by the Attorney-General is somewhat less than candid in the evaluation of this present record.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.