Claudia Bradley, Respondent, v. Anne Frazier, Appellant. (Action No. 1.)

Claudia Bradley et al., Respondents, v. Anne Frazier et al., Appellants. (Action No. 2.)

Third Department, November 21, 1962.

*Booth & Booth* (*Robert T. Booth* of counsel), for appellants.

*O'Connell & Wolfe* (*Louis E. Wolfe* of counsel), for respondents.

HERLIHY, J. In this negligence action the preliminary issue submitted to the jury was the defendants' affirmative defense that the parties to the accident were coemployees and that they were acting in the course of their employment at the time of the accident and that said accident arose out of their employment and the common-law negligence action was barred as a matter of law. (Workmen's Compensation Law, § 29.)

The facts demonstrate that on December 12, 1960, at about 3:00 P.M., the plaintiff, Claudia Bradley, was injured when an automobile operated by her collided with a suburban automobile operated by the defendant Frazier and owned by the defendant school district at the intersection of Champlain Street and West Elm Street in the City of Plattsburgh.

The defendant Frazier was employed by the defendant school district to transport children to and from school in a school district suburban on which the letters of the school district were plainly marked. The record is clear and convincing that at the time of the accident she was performing this duty and there is no room for any question of fact as to this defendant.

The plaintiff, Mrs. Bradley, was employed by the defendant school district as an elementary teacher. She had been assigned to teach fifth grade at the Oak Street School. It further appears that her ordinary hours in that school building were from 8:30 A.M. to 3:30 P.M. A meeting of Grade 5 elementary teachers had been called by the Director of Elementary Education for the day of the accident at 3:00 P.M. to discuss matters relating to the curriculum. This meeting, one of a series of grade level meetings, was held at the Monty Street School, thus requiring travel from the other elementary schools. The plaintiff, Mrs. Bradley, turned her class over to another teacher and signed out of the Oak Street School before 3:00 P.M. and proceeded to another school building about five blocks away to pick up another fifth grade teacher and take her to the meeting at Monty Street

School. Mrs. Bradley used her husband's car to go to the meetings and the record shows that the school district never provided any transportation to and from teacher meetings. The accident occurred after Mrs. Bradley had picked up the other teacher and at about 3:00 P.M., as she was proceeding to the Monty Street School to attend the meeting. After the accident, plaintiff attempted to call the Monty Street School and advise them that she and Miss Powers would not attend the meeting because of the accident but failing in this, she notified her school principal to relay the message for her.

The plaintiff, Mrs. Bradley, testified that she felt obligated as a teacher in the school system to attend this meeting. The Superintendent of Schools testified that he expected teachers to attend such meetings. The Superintendent testified further that he had not specifically delegated the power to make attendance at such a meeting compulsory, but simply assumed the teachers would obey the request of their superior. It appears that the Superintendent would reprimand a teacher who continuously did not attend such meetings. The principal of the Oak Street School testified that he felt attendance was a professional obligation. The Director of Elementary Education, who had called the curriculum meeting, testified that teachers were required to attend because the meeting was held during the time of the normal teaching day. Other teachers testified that they felt attendance at such meetings a necessity. The proof is not in dispute that attendance at this curriculum meeting was an inherent part of the job of being a school teacher.

The record establishes, in our judgment, that the defendant Frazier was in the course of her employment and that the accident arose out of her employment as a bus driver. Further shown, without contradiction, is that all of the witnesses of the defendant school district felt that attendance at the meeting was a requirement for a fifth grade teacher, and that absence had to be excused by their superior. It is clear that the plaintiff, Mrs. Bradley, was on her way to the meeting when the accident occurred, and that the accident occurred at a time when she would have ordinarily been teaching.

The defense moved that the issue be determined by the court as a matter of law, at the end of the testimony, but the court denied the motion which we construe to be a motion to dismiss the complaints.

The trial court submitted to the jury the following question: "Did the accident between Claudia Bradley and Anne Frazier arise out of and in the course of their employment by the Plattsburgh School District?"

The only possible factual issue related to whether or not attendance was required at the meeting of the fifth grade teachers. We determine that the testimony unequivocally establishes, as a matter of law, that the plaintiff was in the course of her employment on her way to attend the meeting at the time of the collision of the automobile operated by her and a school bus operated by a coemployee. While attendance had never been designated compulsory, it was for all practical purposes compulsory and the record allows no other interpretation or construction.

Under such circumstances, it has been held that the employee's action was barred by the Workmen's Compensation Law, as a matter of law. (*Olmsted* v. *Teal,* 275 App. Div. 887; *Matter of Kunze* v. *Jones,* 6 A D 2d 888, affd. 8 N Y 2d 1152.)

The judgment should be reversed and the complaints dismissed without prejudice to the right of Earl Bradley to replead his claim for $100 property damage, without costs.

BERGAN, P. J., COON, GIBSON and TAYLOR, JJ., concur.

Judgment reversed and motion to dismiss the complaints granted without prejudice to the right of Earl Bradley to replead his claim for $100 property damage, without costs.