416 P.2d 507

**Kenneth GENTILI, Claimant-Respondent,**

v.

**UNIVERSITY OF IDAHO, Employer, and State Insurance Fund, Surety, Defendants-Appellants.**

No. 9771.

Supreme Court of Idaho.

July 14, 1966.

Glenn A. Coughlan, of Coughlan & Imhoff, Boise, for surety-appellant.

Weldon L. Schimke, Moscow, for employer-appellant.

Ware, Stellmon & O'Connell, Lewiston, for claimant-respondent.

McFADDEN, Chief Justice.

In December, 1964, claimant Kenneth Gentili was enrolled as a graduate student in the graduate school of the University of Idaho, at Moscow, pursuing a course of study for a Master's Degree in Physics. He was also employed as a teaching assistant by the University in its Physics department. The State Insurance Fund is the compensation surety for the University.

Claimant's employment as a teaching assistant was for the period commencing September 1, 1964, and ending June 30, 1965, for which he was to receive $1,800, payable by the month for ten months, and in addition, his graduate fees and tuition charges were waived. His position required about twelve to fifteen hours of work per week, and required his assisting in the operation of laboratories, and quiz sections, and grading reports and papers in certain physical science courses.

On December 17, 1964, claimant was in a basement laboratory in the Physical Science Building, engaged in filling glassware with chromic acid: This work was done in connection with remaking of a mercury manometer to be used by him in experimental work necessary for his graduate thesis. A piece of the glassware broke off and acid splashed in his eye, and from the resulting injury claimant seeks compensation.

After a hearing on the issue of whether this was a compensable injury, the board held that "claimant's injury arose out of an activity which was a condition of his employment and therefore arose out of and in the course of his employment," and ordered that proceeding remain open for further proof as to the medical, surgical and hospital expenses, the extent of his disability, and compensation to be awarded. This appeal is from that order.

The sole issue presented is whether the board erred in its determination that claimant's injury arose out of and in the course of his employment.

The Board found:

"1. * * *

"2. *Status of claimant.* * * * He [claimant] was in the employ of the University of Idaho, College of Letters and Science, Department of Physical Sciences, as a teacher assistant and was also enrolled as a graduate student in the Graduate School of the University of Idaho, seeking a master's degree in Physics. * * *"

"3. * * *

"4. *Accident.* * * * This work [i. e., being done when claimant was injured] was done in connection with the remaking of a mercury manometer under and for Dr. Peck, and was a part of the experimental work necessary for claimant's gradute thesis in the graduate school. *The work is not, as such, directly part of his duties as teaching assistant.* * * *" (Emphasis supplied.)

Nevertheless, after specifically finding claimant's work was not a part of his duties, as teaching assistant, the Board ruled that his injury arose out of and in the course of his employment, based upon the following ultimate finding:

"The Board finds and rules that one of the conditions of claimant's employment was the requirement that he enroll in the graduate school of the University of Idaho and maintain therein an acceptable academic standard. *Admittedly, claimant was pursuing his graduate work at the time of the injury;* nevertheless, this did not remove him from his employment. * * *". (Emphasis supplied.)

In arriving at this conclusion the Board relied on the case of University of Denver v. Nenmeth, 127 Colo. 385, 257 P.2d 423 (1953). In that case a student of the University of Denver was injured while playing football for the University. He had been employed to do certain work on the University tennis courts, which employment was dependent upon his playing football. The Colorado Court held his injuries arose out of and in the course of his employment. Therein the court quoted from Caswell's Case, 305 Mass. 500, 26 N.E.2d 328, 330, as follows:

" 'An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects.' " 257 P.2d at 426.

The Colorado court then stated:

"An analysis of the cases indicates that the controlling point is whether, under all of the circumstances, the injury arose from something which was incident to the employment." 257 P.2d at 426.

" * * *.

"The obligation to compensate Nemeth arises solely because of the nature of the contract, its incidents and the responsibilities which Nemeth assumed in order to not only earn his remuneration, but to retain his job. He apparently had the physical ability and aptitude for football, and the University hired him to perform work on the campus, and as an in-

cident of this work to have him engage in football." 257 P.2d at 430.

In Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404 (1946), this court recognized the rule quoted by the Colorado Court from Caswell's case, supra.

Nonetheless, the Board specifically found (which finding is fully sustained by the evidence), that the work in which claimant was engaged when he was injured was not a part of his duties as a teaching assistant, and claimant himself admitted that at the time of his injury, his activities were in connection with his graduate studies.

 A workmen's compensation claimant has the burden of proving that his injury arose out of and in the course of his employment. Walker v. Hyde, 43 Idaho 625, 253 P. 1104 (1927); Dunningan v. Shields, 52 Idaho 195, 12 P.2d 773 (1932); Davenport v. Big Tom Breeder Farms, Inc., 85 Idaho 604, 382 P.2d 762 (1963); Comish v. J. R. Simplot Fertilizer Co., 86 Idaho 79, 383 P.2d 333 (1963). Here the claimant in order to recover had to prove that his injury arose out of and in the course of his employment. He established that he was performing work for his own benefit, and not for the benefit of his employer, and the Board found the work he was engaged in at the time of his injury was not directly a part of his duties as teaching assistant. The requirement that he maintain his scholastic standing in order to continue as a teaching assistant is insufficient in law to hold claimant's employer responsible for injuries sustained in pursuit of claimant's personal scholastic goal. See: State Compensation Ins. Fund v. Industrial Com'n, 135 Colo. 570, 314 P.2d 288 (1957), wherein that court reiterated:

"'No definition of "arising out of and in the course of the employment" to be found in this jurisdiction can be stretched to cover the instant case.'"

See also: Eriksen v. Nez Perce County, 72 Idaho 1, 8, 235 P.2d 736 (1951), wherein this court stated:

"Injuries received by an employee while voluntarily engaged in some activity, undertaken solely for his own benefit, do not ordinarily arise out of or in the course of his employment especially where such activity is not an incident of his employment, nor has any connection or relation to such employment. 58 Am.Jur. Sec. 235, p. 740."

The order is reversed. Costs to appellants.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.