HÉCTOR OLIVER VÉLEZ, in his capacity as Acting Manager of the State Insurance Fund, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO and OSVALDO RODRÍGUEZ PACHECO, Respondents.

No. O-69-39.     Decided November 5, 1969.

40

*Eddie Gaud Caraballo, E. Delgado Roque,* and *Gilberto Cobián Aparicio* for petitioner.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

Should compensation be granted under the Workmen's Accident Compensation Act [1] for a disability suffered by an employee while studying, during his vacation leave, a summer course at the University of New York defraying the cost of such studies from his private means?

The Industrial Commission answered this contention affirmatively on the ground that the studies undertaken by said employee were of greater benefit for the employer since they

---

[1] 11 L.P.R.A. §§ 1–42.

improved the employee's capacity to fulfil the duties of his employment. It is incumbent upon us to decide it by review at the request of the Manager of the State Insurance Fund.

■ This contention is new in our jurisdiction. We should, then, formulate rational views for its decision stressing, though it may seem frivolous, that in this area of labor accidents the decision of each case depends mainly upon its particular circumstances. 1 Campbell, Workmen's Compensation 116; *Gallart, Manager* v. *Industrial Commission*, 87 P.R.R. 16 (1962). For that reason and for the additional reason that the determination of compensability under the Workmen's Accident Compensation Act, *supra*, is in the last instance a mixed question of fact and of law, *Gallart, Mgr.* v. *Industrial Commission*, 89 P.R.R. 570 (1963), we shall state below not only the essential facts of the case, but also other facts which are useful and convenient for the better understanding of the views we shall apply in the decision of this contention:

In 1965, Osvaldo Rodríguez Pacheco, the injured party, was Secretary of the Commission for the Advancement of Higher Education in the Department of Education of the Commonwealth of Puerto Rico. In the summer of that year, Rodríguez Pacheco, used his regular vacation leave to enroll in the University of New York to take graduate courses leading to the doctorate in education. Rodríguez Pacheco defrayed from his private means, the expenses of travel, boarding, material and books without any help at all from his employer. In fact, in 1964, the Personnel Office denied the injured party an application for leave with pay because he had been granted one in 1963 and it is a rule of that Office to grant only one leave with pay for studies. While he was thus studying in the University of New York, Rodríguez Pacheco suffered a collapse which caused his disability which is the object of claim of this petition for review.

It also appears from the record that during fiscal year 1962–63 the injured party went to Harvard University to pursue studies at the *behest* of the then Secretary of Education, Cándido Oliveras, who was considering him for the soon to be created position of Coordinator for Comprehensive Planning in the Department of Education. On that occasion, the studies undertaken by the injured party were specifically directed to qualify him for said position, a leave with pay for the whole school year having been granted to him for that purpose. The injured party returned to Puerto Rico in January 1963 without finishing his studies.[2] In January 1965 a change in the direction of the Department of Education took place. The new incumbent appointed another person for the new position of Coordinator for Comprehensive Planning, appointing the injured party to the position of Secretary of the Commission for the Advancement of Higher Education. This administrative change, though of similar rank, and salary to the one he sought to occupy and for which he had gone to Harvard University to study at the behest of the then Secretary of Education, caused him a state of anxiety and depression. In the summer of 1965 he used his vacation leave to continue studying in the University of New York, this time it was not to qualify for a specific position, as he did in 1963, but to obtain the Doctorate in Education. It was then that he suffered the collapse which caused his disability.

As we have already stated, the Industrial Commission determined the compensation on the ground of the benefit received by the employer from the injured's educational activity. We do not agree.

■ The effort of an employee to broaden his knowledge and to improve his academic, professional, or vocational preparation, is fundamentally for his own benefit, though of

---

[2] It is advisable to explain that his return was due to economical reasons and not to academical deficiencies, since the injured obtained very good grades during the school semester.

course, said effort may redound also in benefit of the employer as well as of the rest of the community. We can say the same thing of other activities that tend to improve the stability of the family life and the physical and mental health of the employee. This mere benefit of a general and intangible character, however, is insufficient to serve as basis for a compensation under the Workmen's Accident Compensation Act, *supra*. It is evident that, if it were so, practically all the activities of the employee outside of his working hours would fall under the aegis of this law, and, as a consequence, instead of being an insurance for labor accidents, the State Insurance Fund would become a common and ordinary insurer of the health and life of employees and workers. Thus, in the name of liberality the financial stability of the Fund would be undermined to the detriment of workers and employers.[3] We should, therefore, consider other views.

The injured was enjoying his regular vacation leave when he suffered the collapse. As a general rule, vacations are not considered part of the work. *Ready Mix Concrete* v. *Industrial Commission*, 92 P.R.R. 35, 42 (1965); Campbell, *supra* at 136. For that reason the employee may enjoy them as he pleases. Some use them to travel, others to rest in their homes and for family activities and the least, to the laudable effort of improving their knowledge, effort with which we are in sympathy. The fact that the disability occurred while on vacations, however, does not dispose of the matter because even so the vacations could be considered as part of the employment if the employer participates in the educational activity, either by defraying fully or in part the costs of said activity, or granting regular time of the employment for said

---

[3] With respect to the financial situation of the State Insurance Fund, its Manager recently informed the Governor that the Fund "last fiscal year 1968–69 had a deficit of 5 million dollars and if the rhythm of compensations were to continue it will be forced to increase its premiums next year to 3 per cent of the annual payroll." *El Mundo*, October 17, 1969, at p. 9A, col. 5.

activity, or urging the employee to undertake studies, and the studies are directly related to the employment because they are specifically directed to qualify or improve the employee's standing to perform efficiently his duties and responsibilities.

This view of participation and connection with the employment has been applied, in higher or lower degree, in different state jurisdictions in order to determine compensability in educational as well as in recreational activities. *Stockley v. School Dist.*, 204 N.W. 715 (Mich. 1925); *City of Fremont v. Lea*, 213 N.W. 820 (Neb. 1927); *Dameron v. Yellowstone Trail Garage*, 34 P.2d 417 (Idaho 1934); *Bower v. Industrial Commission*, 22 N.E.2d 840 (Ohio 1939); *Dearing v. Union Free School Dist.*, 70 N.Y.S.2d 418 (1917); *E. R. Burget Co. v. Zupin*, 82 N.E.2d 897 (Ind. 1948); *Correll v. Tutrone Printing Co.*, 97 N.Y.S.2d 106 (1950); *Bradley v. Frazier*, 233 N.Y.S.2d 894 (1962); *Whitely v. King Radio Corporation*, 375 P.2d 593 (Kansas 1962); *Ricciardi v. Damar Products Co.*, 197 A.2d 390 (N.J. 1964); *Gentili v. University of Idaho*, 416 P.2d 507 (Idaho 1966). See also: 28 NACCA L.J. 326–332 (1962).

We consider this view of participation in educational activities connected with the employment very useful for the solution of the contention under our consideration because it offers an element of rationality and reasonability that is essential for the formulation of all juridical rules. For that reason we follow them, subject to some clarifications.

■ The employer's participation should be for the definite purpose of promoting the interests of his enterprise, of obtaining for the latter a clear and substantial benefit, so that the expectation of this benefit is stronger in motivating the employer to defray the costs of the studies or subsidize in any manner said studies, than any altruistic desire on his part to cooperate with the purposes of his employee. See: 1 Larson, Workmen's Compensation Law 452.46, § 27.31(a); 30

NACCA L.J. 212. In this respect, it is clear that if the studies are directly connected with the employment, as a matter of reality, there is a tangible, substantial, and direct benefit for the employer different from a general and intangible benefit. *Cf. Belaval* v. *Sec. of the Treasury*, 83 P.R.R. 244 (1961). The following cases properly illustrate the application of this view.

In *Whitely* v. *King Radio Corporation,* *supra*, employer paid for the flying lessons of an employee who died while taking said lessons on his own time, not on his regular working hours. Compensation was denied to beneficiaries because of the lack of the element of motivation. The flying lessons had no connection with the duties of employee, who was hired as an engineer to do electrical design work. *Gentili* v. *University of Idaho, supra*, dealt with a teaching assistant of physics at the University of Idaho who also pursued a course of study for a Master's Degree in Physics. He was injured in an accident while doing experimental work in the laboratory necessary for his graduate thesis. Compensation was denied because the experiment was for the benefit of the employee. In *Ricciardi* v. *Damar Products Co., supra*, the employee had an accident upon returning from a company picnic sponsored by her employer. Compensation was denied because it was considered that the benefit received by employer by improving employee's morale with the picnic was not sufficient. The Court stated at page 392:

"The mere fact that the employer pays for the picnic does not make the going-or-coming injury compensable. Industry today provides many off-the-premises entertainments and facilities for its workers—libraries, reading rooms, hospitals, clinics, vacation resorts, recreation halls, theatres, bowling alleys, etc. When the workers are free to attend or refrain from attending these facilities and entertainments as they see fit, we conceive that injuries sustained while going to or coming from such places are not compensable."

The mere fact of encouraging, as an expression of employer's altruistic feeling, employees to pursue studies does not suffice either, for it is very natural that everything that tends to broaden the knowledge and improve the capacity of the persons—particularly in this case where the employer is the Department of Education—has the encouragement of employer. See *E. R. Burget Co.* v. *Zupin, supra,* where it is said at page 899:

"We recognize that it is not at all unusual for firms in industry to encourage employees to enroll in adult education courses and various types of training programs on their own and completely outside of working hours and the employment relationship. Consequently, we desire to distinguish the facts of the instant case from such situations, in that in this case the decedent was pursuing apprentice training for the particular work which he performed for the employer, and that he was engaged in such pursuit on company time with the company's permission and consent. . . ."

Employee's educational activity must be *urged* by employer and not merely encouraged. *Cf. Bradley* v. *Frazier, supra, Stockley* v. *School Dist.,*[4] *supra.* Of course, since the difference between one concept and the other may be a difference of

---

[4] In *Bradley* v. *Frazier, supra,* a teacher had an accident while on her way to a meeting of elementary school teachers called by the Director of Elementary Education. Although attendance to said meeting had never been designated compulsory the Superintendent of Schools testified that he expected teachers under his supervision to attend such meetings. There was evidence to the effect that the teachers felt obliged to attend the meeting. The Court determined that for all practical purposes attendance was compulsory and declared the accident compensable. *Stockley* v. *School Dist., supra,* dealt with a public school teacher who died while on her way to attend a teachers' institute sponsored by the Superintendent. The schools were closed on the day the institute was to take place. Attendance to the institute was not mandatory but the principal "cordially invited" the teachers to attend. The teachers who attended the institute would receive pay for the day of attendance as if they had worked in school and those who did not go would receive no pay for that day. Refusal to go would reflect on the teacher's professional standing as the Superintendent testified that "he would not feel like recommending for a position the following year" those who did not attend the institute. Compensation was granted.

degree, each case should be judged on the light of its particular circumstances. *Dearing* v. *Union Free School Dist., supra.*

█ The facts we sketched at the beginning show an absolute lack of participation of employer in the educational activity that the injured party, Rodríguez Pacheco, carried out in the University of New York during the summer of 1965. As we shall recall: a) Rodríguez Pacheco went to study on his own, b) during his regular vacations, c) for the purpose of obtaining an academic degree which was not required to continue performing his duties as Secretary of the Commission for the Advancement of Higher Education, and d) without being urged in any manner by his employer.[5]

In the absence of the element of the employer's participation in the educational activity of the injured in the University of New York during the summer of 1965, said activity cannot be considered as part of the employment and, therefore, the disability suffered by Rodríguez Pacheco in the course thereof is not compensable under the Workmen's Accident Compensation Act.

The decision rendered by the Industrial Commission on September 20, 1968 will be reversed.

Mr. Chief Justice and Mr. Justice Hernández Matos did not participate herein. Mr. Justice Santana Becerra concurs in the result.

---

[5] It is advisable to note the contrast between this situation and the studies started by the injured during fiscal year 1962–63 where employer's participation clearly comes forth when the injured undertook said studies: a) at the behest of the Secretary of Education, b) for the specific purpose, not of obtaining an academic degree, but to qualify for the position of Coordinator for Comprehensive Planning, and, c) with the Commonwealth of Puerto Rico defraying his entire salary during the school year.

48

—O—

## NUNC PRO TUNC JUDGMENT

San Juan, Puerto Rico, November 12, 1969

The judgment rendered in the above-entitled case on November 5, 1969 is hereby amended to read as follows:

"For the grounds set forth in the foregoing opinion, the decision rendered by the Industrial Commission on September 20, 1968 is reversed.

"It was so decreed and ordered by the Court and certified by the Clerk. Mr. Chief Justice and Mr. Justice Hernández Matos did not participate herein. Mr. Justice Santana Becerra concurs in the result."

JOAQUÍN BERRÍOS

*Clerk*