HÉCTOR OLIVER VÉLEZ, en su carácter de Administrador Interino del Fondo del Seguro del Estado, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO y OSVALDO RODRÍGUEZ PACHECO, recurrido.

*Número:* O-69-39          *Resuelto:* 5 de noviembre de 1969

*Eddie Gaud Caraballo, E. Delgado Roque* y *Gilberto Cobían Aparicio,* abogados del recurrente.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

¿Es compensable bajo la Ley de Compensaciones por Accidentes del Trabajo[1] una incapacidad sufrida por un empleado mientras disfrutaba de sus vacaciones regulares estudiando un curso de verano en la Universidad de Nueva York sufragando él mismo de su propio peculio los costos de sus estudios?

La Comisión Industrial contestó en la afirmativa este planteamiento fundándose en que los estudios que realizaba dicho empleado eran de mayor beneficio para el patrono porque mejoraban la capacidad del empleado para desempeñar las funciones de su empleo. Nos corresponde ahora deci-

---

[1] 11 L.P.R.A. secs. 1–42.

dirlo en revisión a solicitud del Administrador del Fondo del Seguro del Estado.

■ El planteamiento es nuevo en nuestra jurisdicción. Debemos, pues, formular criterios racionales para su decisión advirtiendo, aunque parezca ocioso, que en esta área de accidentes del trabajo la decisión de cada caso depende esencialmente de sus hechos particulares. 1 Campbell, *Workmen's Compensations* 116; *Gallart, Admor.* v. *Comisión Industrial,* 87 D.P.R. 17 (1962). Por ésta, y por la razón adicional de que la determinación de compensabilidad bajo la Ley de Compensaciones por Accidentes del Trabajo, *supra,* es en última instancia una cuestión mixta de hecho y de derecho, *Gallart, Admor.* v. *Comisión Industrial,* 89 D.P.R. 581 (1963) expondremos a continuación no sólo los hechos esenciales del caso, sino también otros hechos que son útiles y convenientes para la mejor comprensión de los criterios que aplicaremos en la decisión de este planteamiento:

Allá para el 1965, el lesionado Osvaldo Rodríguez Pacheco desempeñaba el cargo de Secretario de la Comisión para el Fomento de la Educación Superior en el Departamento de Instrucción del Estado Libre Asociado de Puerto Rico. En el verano de ese año, Rodríguez Pacheco utilizó sus vacaciones regulares para trasladarse a la Universidad de Nueva York y cursar allí estudios post-graduados conducentes al doctorado en educación. Rodríguez Pacheco sufragó de su propio peculio los gastos de viaje, hospedaje, material y libros sin recibir ayuda de ninguna índole de su patrono. De hecho, en el año de 1964, la Oficina de Personal le denegó al lesionado su solicitud de licencia con sueldo porque ya le habían concedido una en el año 1963 y es norma de dicha Oficina conceder sólo una licencia con sueldo para estudios. Mientras se encontraba así estudiando en la Universidad de Nueva York, Rodríguez Pacheco sufrió un colapso que le produjo la incapacidad que es objeto de reclamación en este recurso.

También surge del récord que en el año fiscal 1962–63 el lesionado fue a estudiar a la Universidad de Harvard *instado* por el entonces Secretario de Instrucción, Hon. Cándido Oliveras, quien lo estaba considerando para el cargo próximo a crearse de Coordinador de Planificación Integral del Departamento. En esa ocasión, los estudios iniciados por el lesionado iban específicamente dirigidos a capacitarlo para dicho cargo, habiéndosele concedido al efecto una licencia con sueldo por todo el año académico. El lesionado regresó a Puerto Rico en enero de 1963 sin terminar sus estudios. [2] En enero de 1965 se efectuó un cambio en la dirección del Departamento de Instrucción. El nuevo incumbente designó a otra persona para el nuevo cargo de Coordinador de Planificación Integral, nombrando al lesionado Secretario de la Comisión para el Fomento de la Educación Superior. Este cambio administrativo, aunque de similar jerarquía y sueldo al cargo que él aspiraba y para el cual había ido a capacitarse a la Universidad de Harvard a instancias del entonces Secretario de Instrucción, le ocasionó un estado de ansiedad y depresión. En el verano de ese año de 1965 aprovechó sus vacaciones regulares para continuar los estudios en la Universidad de Nueva York, no ya con el propósito de capacitarse para un cargo específico, como lo hizo en el 1963, sino para obtener el doctorado con especialidad en educación. Fue entonces que sufrió el colapso que le produjo la incapacidad.

Como ya indicamos, la Comisión Industrial determinó la compensación fundándose en el beneficio que el patrono recibía de la actividad educativa del lesionado. No estamos de acuerdo.

■ El esfuerzo de un empleado por ampliar sus conocimientos y mejorar su preparación académica, profesional o vocacional, es primordialmente en su propio beneficio, aun-

---

[2] Es de justicia aclarar que su regreso fue motivado por razones económicas y no por deficiencias académicas, pues el lesionado obtuvo muy buenas calificaciones en el semestre de estudios.

que desde luego, dicho esfuerzo también puede redundar en beneficio del patrono y del resto de la comunidad. Lo mismo podemos decir de otras actividades que propendan a mejorar la estabilidad de la vida familiar y la salud física y mental del empleado. Este mero beneficio de carácter general e intangible, sin embargo, es insuficiente para servir de base a una compensación bajo la Ley de Compensaciones por Accidentes del Trabajo, *supra*. Es obvio que si lo fuera, prácticamente todas las actividades del empleado fuera de sus horas regulares de trabajo podrían caer bajo la égida de esta ley, y, como consecuencia, en vez de un seguro de accidentes del trabajo, el Fondo del Seguro del Estado se convertiría en un asegurador común y corriente de la salud y de la vida de empleados y trabajadores. Así, en nombre de la liberalidad se socavaría la solidez financiera del Fondo en perjuicio de los trabajadores y patronos.[3] Debemos, por tanto, considerar otros criterios.

El lesionado al sufrir el colapso se encontraba disfrutando de sus vacaciones regulares. Como regla general, las vacaciones no se consideran parte del trabajo. *Ready Mix Concrete* v. *Comisión Industrial*, 92 D.P.R. 37, 43 (1965); Campbell, *supra*, 136. Por eso, el empleado puede disfrutarlas a su antojo. Unos las dedican a pasear, otros a descansar en el hogar y a actividades de familia, y, los menos, al loable empeño de mejorar sus conocimientos lo cual es natural que tenga nuestra simpatía. El hecho de sufrir la incapacidad mientras disfrutaba de vacaciones, sin embargo, no dispone del asunto porque aun así las vacaciones podrían considerarse como parte del empleo si el patrono participa en la

---

[3] Con respecto a la situación financiera del Fondo del Seguro del Estado, el Administrador del mismo informó recientemente al Gobernador que el Fondo "tuvo el pasado año fiscal 1968–69 un déficit de 5 millones de dólares y de continuarse el ritmo de compensaciones se verá forzado a aumentar el próximo año sus primas al 3 por ciento de la nómina anual." El Mundo, edición 17 de octubre de 1969, página 9A, Col. 5.

actividad educativa, bien sufragando en todo o en parte los costos de dicha actividad, o concediendo tiempo regular del empleo para dicha actividad, o instando al empleado a estudiar, y, los estudios tienen una relación directa con el empleo porque van dirigidos específicamente a capacitar o a mejorar la capacitación del empleado para el desempeño eficiente de sus funciones y responsabilidades.

Este criterio de participación y conexión con el empleo se ha aplicado, en mayor o menor grado, en diferentes jurisdicciones estaduales para determinar la compensabilidad tanto en actividades educativas como recreacionales. *Stockley* v. *School Dist.*, 204 N.W. 715 (Mich. 1925); *City of Fremont* v. *Lea*, 213 N.W. 820 (Neb. 1927); *Dameron* v. *Yellowstone Trail Garage*, 34 P.2d 417 (Idaho 1934); *Bower* v. *Industrial Commission*, 22 N.E.2d 840 (Ohio 1939); *Dearing* v. *Union Free School Dist.*, 70 N.Y.S.2d 418 (1917); *E. R. Burget Co.* v. *Zupin*, 82 N.E.2d 897 (Ind. 1948); *Correll* v. *Tutrone Printing Co.*, 97 N.Y.S.2d 106 (1950); *Bradley* v. *Frazier*, 233 N.Y.S.2d 894 (1962); *Whitely* v. *King Radio Corporation*, 375 P.2d 593 (Kansas 1962); *Ricciardi* v. *Damar Products Co.*, 197 A.2d 390 (N.J. 1964); *Gentili* v. *University of Idaho*, 416 P.2d 507 (Idaho 1966). Véase además: 28 NACCA L.J., 326–332 (1962).

Consideramos de utilidad para la solución del planteamiento que nos ocupa este criterio de participación en actividad educativa conectada con el empleo porque brinda un elemento de racionalidad y razonabilidad que es indispensable para la formulación de toda norma jurídica. Por eso, los seguimos sujeto a algunas clarificaciones.

■ La participación del patrono debe ser con el propósito definido de promover los intereses de su empresa, de obtener para ésta un beneficio claro y sustancial en forma tal, que sea la expectación del beneficio más que un deseo altruista de cooperar con los propósitos de su empleado lo que le

motive a sufragar los costos de los estudios o a subsidiar en alguna forma dichos estudios. Véase: 1 Larson, *Workmen's Compensation Law*, sec. 27.31(a), pág. 452.46; 30 *NACCA L.J.* 212. A este respecto, es claro que si los estudios están directamente conectados con el empleo, como cuestión de realidad, hay un beneficio tangible, sustancial y directo para el patrono a distinción de un beneficio general e intangible. *Cf. Belaval* v. *Srio. de Hacienda*, 83 D.P.R. 251 (1961). Los siguientes casos ilustran adecuadamente la aplicación de este criterio.

En *Whitely* v. *King Radio Corporation*, supra, el patrono pagaba las clases de aviación de un empleado que pereció mientras tomaba dichas clases fuera de las horas regulares del empleo. Se denegó compensación a los beneficiarios porque faltaba el elemento de motivación. Las clases de aviación no tenían relación alguna con los deberes del empleado, quien fue contratado como ingeniero para hacer diseños eléctricos. En *Gentili* v. *University of Idaho*, supra, se trataba de un Instructor de Física en la Universidad de Idaho que a la vez estudiaba el grado de Maestro en Física. Sufrió un accidente mientras efectuaba unos experimentos en el laboratorio, necesarios para su tésis académica. Se denegó compensación porque el experimento era para beneficio del empleado del patrono. En *Ricciardi* v. *Damar Products Co.*, supra, el empleado sufrió un accidente al regresar de una jira costeada por su patrono. Se denegó compensación por considerarse que el beneficio que recibía el patrono al aumentar la moral de sus empleados con la jira, era insuficiente. El tribunal expresó a la página 392.

"El mero hecho que el patrono costee los gastos de la jira no convierte en compensable un accidente ocurrido en el curso del ir y venir de la misma. Hoy día las industrias proveen muchas formas de entretenimiento y facilidades para los empleados fuera de sus dependencias, tales como bibliotecas, salas de lectura, hospitales, clínicas, centros de vacaciones, salas de

recreo, teatros, salón de bolos, etc. Cuando los empleados se encuentran en libertad de asistir o no a su gusto, a esas facilidades y formas de entretenimiento, nosotros entendemos que los daños sufridos en el curso del ir y venir a las mismas no son compensables."

Tampoco basta el mero estímulo, como expresión de un sentimiento altruista del patrono, para que el empleado estudie, pues es muy natural que todo lo que tienda a ampliar los conocimientos y mejorar la capacidad de las personas— máxime en este caso en que el patrono es el Departamento de Instrucción—tenga el estímulo del patrono. Véase *E. R. Burget Co.* v. *Zupin*, supra, en que se expresa a la página 899:

"Reconocemos que no es del todo poco usual para las empresas en la industria el estimular a sus empleados a matricularse en curso de educación de adultos y en diferentes tipos de programas de adiestramiento por cuenta de éstos y completamente fuera de las horas regulares de trabajo y de relación con el empleo. Por consiguiente deseamos distinguir los hechos del presente caso de tal situación en el sentido de que en el presente caso el finado estaba prosiguiendo adiestramiento como aprendiz para el trabajo específico que desempeñaba para su patrono, y en que llevaba a cabo esa actividad en el tiempo regular de su empleo, con la autorización y consentimiento de su patrono . . . ."

La actividad educativa del empleado debe ser *instada* por el patrono y no meramente estimulada, *Cf. Bradley* v. *Frazier*, supra, *Stockley* v. *School Dist.*, (4) supra. Claro, como

---

(4) En *Bradley* v. *Frazier*, supra, un maestro sufrió un accidente mientras asistía a una reunión de maestros de escuela elemental convocada por el Director de Educación Elemental. Aunque la asistencia a dicha reunión no era obligatoria el Superintendente de Escuela testificó que él esperaba que los maestros bajo su cargo asistieran. Hubo prueba de que los maestros se sentían obligados a asistir. El tribunal concluyó que para todos los efectos prácticos la asistencia era compulsoria y declaró el accidente compensable. En *Stockley* v. *School Dist.*, supra, se trataba de una maestra de escuela pública que murió mientras se dirigía a un instituto para maestros auspiciado por el Superintendente. Las clases se suspendieron el día de la celebración del instituto. La asistencia al mismo no era mandatoria pero el principal "invitó cordialmente" a los maestros a asistir. Los

la diferencia entre uno y otro concepto puede ser de grado, deberá juzgarse cada caso a la luz de sus hechos particulares. *Dearing* v. *Union Free School Dist.*, supra.

■ Los hechos que reseñamos al principio demuestran una ausencia absoluta de participación por parte del patrono en la actividad educativa que el lesionado Rodríguez Pacheco llevó a cabo en la Universidad de Nueva York durante el verano de 1965. Como se recordará: a) Rodríguez Pacheco se fue a estudiar por su cuenta, b) en sus vacaciones regulares, c) con el propósito de obtener un grado académico que no era requerido para continuar desempeñando sus funciones como Secretario de la Comisión para el Fomento de la Educación Superior, y, d) sin que hubiese sido instado en forma alguna por su patrono. ([5])

Ausente el elemento de participación del patrono en la actividad educativa del lesionado en la Universidad de Nueva York durante el verano de 1965, no puede considerarse como parte del empleo dicha actividad y, por lo tanto, la incapacidad sufrida por el lesionado en el curso de la misma no es compensable bajo la Ley de Compensaciones por Accidentes del Trabajo.

*Se revocará la resolución dictada por la Comisión Industrial el 20 de septiembre de 1968.*

El Señor Juez Presidente y el Juez Asociado Señor Her-

---

maestros que asistieran recibirían pago por el día de asistencia como si lo hubiesen trabajado en la escuela y los que no asistieran no recibirían pago alguno. La no asistencia se reflejaba en el récord del maestro testificando el principal "que no se sentiría en ánimo de recomendar para un cargo el próximo año" a aquellos que no asistieran. Se concedió compensación.

([5]) Ha de notarse el contraste de esta situación con los estudios iniciados por el lesionado en el año fiscal 1962–63 de los cuales surge claramente la participación del patrono al emprender el lesionado los mismos: a) a requerimiento del Secretario de Instrucción, b) con el propósito específico, no de obtener un grado académico, sino, de capacitarse para el cargo de Coordinador de Planificación Integral, y c) sufragando el Estado Libre Asociado de Puerto Rico el sueldo completo durante el año académico.

nández Matos no intervinieron. El Juez Asociado Señor Santana Becerra concurre con el resultado.

—O—

SENTENCIA NUNC PRO TUNC

San Juan, Puerto Rico, a 12 de noviembre de 1969

Se enmienda la sentencia dictada el 5 de noviembre de 1969 en el caso de epígrafe para que lea como sigue:

"Por los fundamentos consignados en la anterior opinión, se revoca la resolución dictada por la Comisión Industrial el 20 de septiembre de 1968.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Señor Juez Presidente y el Juez Asociado Señor Hernández Matos no intervinieron. El Juez Asociado Señor Santana Becerra concurre con el resultado."

<div align="right">

Joaquín Berríos
Secretario