RAQUEL CIMA DE VILLA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* O-70-90          *Resuelto:* 30 de diciembre de 1970

*Miguel Matos Colón* y *Naomi Matos Rodríguez,* abogados de la recurrente.

PER CURIAM: ■   En *Admor. Int.* v. *Comisión Industrial,* 98 D.P.R. 40 (1969), establecimos como criterios de compensabilidad para accidentes ocurridos mientras el empleado está llevando a cabo estudios académicos, profesionales o vocacionales que: a) el patrono *participe* en la actividad educativa, bien sufragando en todo o en parte los costos de dicha actividad, o concediendo tiempo regular del empleo para dicha actividad, o *instando* al empleado a estudiar, y, b) los estudios tengan una *relación directa* con el empleo porque vayan dirigidos específicamente a capacitar o a mejorar la capacidad del empleado para el desempeño eficiente de sus funciones y responsabilidades.

El caso de autos satisface adecuadamente dichos criterios, razón por la cual la resolución de la Comisión Industrial denegando la compensación no puede prevalecer.

■   Se trata de una maestra de escuela superior que enseñaba el curso de biología en la Escuela Einstein de Barrio Obrero. Durante el mes de actividades del verano de 1966 fue a estudiar al Instituto de Ciencias y Matemáticas ofrecido por el Colegio Regional de Humacao. Conforme a la disposición de la Ley Núm. 39 de 15 de abril de 1941, 18 L.P.R.A. sec. 291, el Secretario de Instrucción aceptó dicho Instituto como actividad reconocida, y en su consecuencia, autorizó el pago de sueldo mensual. El Instituto sufragó los gastos de viaje y dietas a base de $15 diarios, quedando la participante en libertad de hospedarse en Humacao o viajar diariamente de su hogar en San Juan al Colegio Regional.

El mencionado Instituto solo admitía en su matrícula maestros de ciencias y matemáticas con el propósito de mejorar la calidad de la educación en esas disciplinas. Al hacer la selección de los participantes, el Instituto tomaba en consideración, entre otros factores, la recomendación de las autoridades superiores del maestro. La idea del programa, según su Director, era darle servicio al Departamento de Instrucción.

De acuerdo con la citada Ley Núm. 39, el contrato de trabajo de las maestras de escuelas públicas es de 12 meses escolares, diez de los cuales se destinan al curso escolar regular, un mes al programa de actividades educativas adicionales a las del curso regular que a tal efecto fija el Secretario de Instrucción, y, el mes restante lo disfruta el maestro de vacaciones con sueldo anticipado. Los maestros que no deseen o por alguna razón no puedan trabajar en el programa de actividades educativas adicionales no tiene derecho a percibir compensación por el mes de actividades.

Los hechos del presente caso demuestran que la peticionaria se encontraba al momento del accidente cumpliendo con una de las obligaciones de su contrato de trabajo—el mes de actividades educativas—lo cual el Secretario de Instrucción aprobó y autorizó el pago del sueldo de ese mes. Los estudios en el Instituto estaban directamente conectados con el empleo de la peticionaria, recibiendo el Departamento de Instrucción un beneficio claro, sustancial y directo. Siendo así, el accidente sufrido por la peticionaria era uno compensable por haber ocurrido en el curso de y como consecuencia del empleo. *Admor., Int.* v. *Comisión Industrial*, supra.

No tiene importancia, bajo las circunstancias de este caso, el hecho que la peticionaria recibiera una compensación de $15 diarios para sufragar los gastos de hospedaje y comida, ya que no era condición para ese pago que ella se hospedara en Humacao. Es decir, la participante estaba en entera liber-

tad de hospedarse en Humacao o regresar diariamente a su hogar.

*Se dejará sin efecto la resolución recurrida y se devolverá el caso para ulteriores procedimientos consistentes con lo aquí expresado.*

El Juez Presidente Señor Negrón Fernández, al igual que el Juez Asociado Señor Santana Becerra, no intervinieron.